IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:18-cr-00044 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| TARELL SHARAY DIVERS | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Tarell Sharay Divers, proceeding pro se, filed a motion for compassionate release, which motion was supplemented by the Federal Public Defender's office. (Dkt. Nos. 44, 51.) The government opposes the motion. (Dkt. No. 57.)

The court finds that a hearing is not necessary to resolve Divers' motion, which will be denied for the reasons stated below.

I.  BACKGROUND

Following a traffic stop of Divers in 2018, where officers found marijuana, multiple cell phones, and a significant amount of money, Divers admitted to having heroin in his home. Upon executing a search warrant, officers found two bags of heroin, weighing 96.2 grams, and a small bag of methamphetamine, weighing 5.5 grams, inside Divers' kitchen. They also discovered an American Tactical, .45 caliber pistol, later determined to have been stolen in 2016, and a box of ammunition in a recycling bin located by the back door. Divers pleaded guilty to possession with intent to distribute a mixture and substance containing a detectable amount of heroin and methamphetamine. The court sentenced Divers to 71 months, the high end of the guideline range, because of the seriousness of his offense and his extensive criminal history that was underrepresented by his criminal history category of IV.

Divers is incarcerated at Forrest City Medium FCI and scheduled to be released on February 7, 2023.[1] Since August 2019, Divers has received four sanctions for refusing to obey an order, two for being insolent or interfering with staff, one for possessing a phone, and another for being in an unauthorized area. (Exhibit to U.S. Resp. in Opp., Dkt. No. 57-1.) He reports that he has been participating in the Residential Drug Abuse Program. (Def. Supp. Memo, Dkt. No. 62.)

Divers seeks compassionate release based on the risk of COVID-19 combined with his HIV diagnosis. Divers' medical records indicate that his HIV has been asymptomatic, he has never experienced an HIV-related illness, and he receives medication to manage his condition. (*See* Dkt. No. 55 at 18, 36, 77, 128, 133, 135, 146.) Divers has been fully vaccinated against COVID-19, receiving two doses of the Pfizer vaccine in March and April 2021 and a Moderna booster on November 18, 2021. (*Id.* at 175.)

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 23, 2022).

> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment. However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). See also *United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022). The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

The Application Notes to the applicable policy statement, U.S.S.G. § 1B1.13, lists as reasons the medical condition of the defendant, age of the defendant, family circumstances, and "an extraordinary and compelling reason other than, or in combination with" these reasons as justification for a reduction in sentence. Because there is no policy statement regarding motions filed by defendants under the recently amended § 3582(c)(1)(A), a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)).

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). See also *Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical

3

conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

### B. Exhaustion

As noted above, while the First Step Act amended § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The government does not contest exhaustion.

### C. Extraordinary and Compelling Reasons

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court looks to whether Divers has provided such reasons. The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

4

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021). *See also United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

The government concedes that Divers has a medical condition (HIV) that is listed by the Centers for Disease Control as creating a higher risk if Divers were to contract COVID-19. Divers is 37 years old. He is asymptomatic; his condition is managed by medication; he has yet to experience an HIV-related illness; and he is fully vaccinated against COVID-19. Currently, Forrest City Medium FCI has only one COVID-19 inmate case and two staff cases.[2]

Divers has been vaccinated against COVID-19, so his risk of serious infection if he does contract COVID-19 is diminished. *See, e.g.*, *United States v. Gerald*, No. 5:18-CR-204-D-6, 2021 WL 5283293, at *3 (E.D.N.C. Nov. 12, 2021); *United States v. Sidhu*, Criminal Case No. 1:14-cr-00399 (RDA), 2021 WL 2894723, at *5 (E.D. Va. July 9, 2021) (noting that because defendant received the COVID-19 vaccination, defendant "faces reduced risks from the virus, further weighing against his request for compassionate release"). Moreover, a risk of infection, alone, is insufficient to show extraordinary and compelling reasons. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases and noting consensus of district courts that have ruled that receiving a

---

[2] *See* https://www.bop.gov/coronavirus (last visited May 23, 2022).

COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); *United States v. Luna*, No. 7:16-CR-11-D-1, 2021 WL 5828034, at *3 (E.D.N.C. Dec. 7, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19).

In light of the COVID-19 vaccine, courts have recognized the difficulty in proving extraordinary and compelling reasons even when an inmate has a high-risk comorbidity. *See United States v. Murphy*, Case No. 4:03-cr-70134, 2021 WL 3084922, at *2 (W.D. Va. July 21, 2021) ("Because Murphy is now fully vaccinated, the Court finds that any increased risks posed by COVID-19 due to his underlying medical conditions do not constitute extraordinary and compelling circumstances."). *See also United States v. Carter*, 2022 WL 791921 (S.D. Ga. March 14, 2022) (fully vaccinated inmate with hypertension and asymptomatic HIV with no history of HIV-related illness has not shown extraordinary and compelling reasons); *United States v. Bone Lindao*, 2021 WL 3563042 (M.D. Fla. Aug. 12, 2021) (vaccinated inmate with asymptomatic HIV and other minor medical conditions has not shown extraordinary and compelling circumstances).

While the CDC recognizes that persons with advanced or untreated HIV infection may be moderately or severely immunocompromised and vulnerable to COVID-19,[3] Divers' HIV diagnosis is treated with medication and has never resulted in illness or symptoms. To accept Divers' position would mean that every inmate with an HIV diagnosis has proven extraordinary and compelling reasons for early release.

---

[3] *COVID-19 Vaccines for Moderately or Severely Immunocompromised People*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html (last visited May 24, 2022); *see also* https://www.hiv.gov/hiv-basics/staying-in-hiv-care/other-related-health-issues/coronavirus-covid-19 (referencing older persons with advanced or untreated HIV infection) (last visited May 24, 2022).

Given the above reasons and the small number of cases at Forrest City Medium FCI, Divers cannot meet the extraordinary and compelling circumstances standard for compassionate release. He has not shown a particularized susceptibility to the disease or a particularized risk of contracting the disease at his prison facility. Because of the absence of extraordinary and compelling reasons, the court will deny his motion and need not analyze the § 3553(a) factors.

## III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Divers' motion for compassionate release (Dkt. No. 44) is DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: May 25, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge